IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01090-BNB

J M (MARIA J) FAY,

    Plaintiff,

v.

STATE OF COLORADO, and
CHERRY CREEK VALLEY W & S DISTRICT,

    Defendants.

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING CASE

---

    Plaintiff, J M (Maria J) Fay, who resides in Denver, filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Complaint (ECF No. 1) pursuant to the Voting Rights Act of 1965, 42 U.S.C. § 1973, *et seq.*, for injunctive relief.

    Ms. Fay will be granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe Ms. Fay's Complaint liberally because she is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous.

Ms. Fay generally alleges that Colorado's permanent mail ballot list is unconstitutional because the lists are different on the special district and county/state levels. She fails to allege how she has been injured under the Voting Rights Act. The act "was designed by Congress to banish the blight of racial discrimination in voting." *Riley v. Kennedy*, 553 U.S. 406, 411 (2008); *see also Shelby County, Ala. v. Holder*, 133 S. Ct. 2612, 2515, 2652 (2013). Nowhere in the Complaint does Ms. Fay allege the Colorado ballot list perpetuates discrimination on the basis of race, or that she has been subjected to racial discrimination in voting. The Complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Ms. Fay is warned that the Court can and will impose appropriate sanctions if she persists in engaging in frivolous lawsuits. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the Complaint and the action will be dismissed as legally frivolous.

Ms. Fay generally alleges that Colorado's permanent mail ballot list is unconstitutional because the lists are different on the special district and county/state levels. She fails to allege how she has been injured under the Voting Rights Act. The act "was designed by Congress to banish the blight of racial discrimination in voting." *Riley v. Kennedy*, 553 U.S. 406, 411 (2008); *see also Shelby County, Ala. v. Holder*, 133 S. Ct. 2612, 2515, 2652 (2013). Nowhere in the Complaint does Ms. Fay allege the Colorado ballot list perpetuates discrimination on the basis of race, or that she has been subjected to racial discrimination in voting. The Complaint and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Ms. Fay is warned that the Court can and will impose appropriate sanctions if she persists in engaging in frivolous lawsuits. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored

restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989)).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

If a *pro se* party signs a pleading in violation of Fed. R. Civ. P. 11(b) a court "may . . . impose an appropriate sanction" upon that party. *See* Fed. R. Civ. P. 11(c). Rule 11 serves several purposes, including, but not limited to, (1) deterring future litigation abuse; (2) punishing present litigation abuse; and (3) streamlining court dockets and facilitating case management. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (citing American Bar Association, *Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure* (1988), *reprinted in,* 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235-36 (Supp. 1989)). Deterrence is the primary goal of a sanction. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Ms. Fay has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Fay files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted. It is

FURTHER ORDERED that the Complaint (ECF No. 1) and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  22nd  day of    April    , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court